In the Matter of the Petition of TITLE GUARANTEE AND TRUST COMPANY to Prove the Last Will and Testament of CHARLES E. AUSTIN, Late of the County of Kings, Deceased. EDITH E. AUSTIN, Appellant; TITLE GUARANTEE AND TRUST COMPANY, Respondent.— Decree of the Surrogate's Court of Kings county, admitting a will to probate, affirmed, with costs to the respondent payable out of the estate. No claim was made that there was not in fact a prior will in which the ninety-one-year old witness Betts was a legatee; hence the form of the proof of the witness' disqualifying interest was not vital. Moreover, her testimony relating to the decedent would have little or no probative force since she lived in Massachusetts and had not been in contact with decedent since 1930. In view of the other testimony in the record, the exclusion of her testimony relating to such a remote period (1930) was not prejudicial on the issue of testamentary capacity as of January 3, 1935. Lazansky, P. J., Hagarty, Carswell and Johnston, JJ., concur; Taylor, J., dissents, with the following memorandum: I vote for reversal and a new trial of the issues relating to questions 5, 6 and 7 only, as in my opinion the learned surrogate erred in his ruling excluding the further testimony of the witness Maria L. Betts upon the ground that she was inhibited by section 347 of the Civil Practice Act from testifying to personal transactions with the deceased. There was no legal proof that she was interested in the event within the purview of that section. The statements of the deceased to her, in effect that she was a beneficiary under his prior will, are in the eye of the law insufficient evidence (Matter of Case, 214 N. Y. 199–203) to establish the claimed fact of her interest in the event. It

is a matter of common knowledge that statements of this character " may be made for the express purpose of deception or to satisfy impertinent curiosity and importunity or to express agreement with the suggestions of the questioner and thus satisfy the one to whom the declaration is made." (*Smith* v. *Keller*, 205 N. Y. 39, at pp. 48, 49.)